## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH ANDRE, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| DOLLAR TREE STORES, INC., a foreign corporation, | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Deborah Andre is a resident of the State of Delaware residing at 19 Squire Circle, Dover, Delaware 19901.

2. Defendant Dollar Tree Stores, Inc. is a Virginia corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII).

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3) and by 28 U.S.C. § 1343.

5. Venue for all causes of action stated herein lies in the District of Delaware, as acts alleged as the bases for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

7. Plaintiff timely submitted a complaint of discrimination and retaliation on the basis of sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the DDOL and the EEOC.

9. Plaintiff has timely filed this complaint within ninety (90) days of her receipt of the aforementioned Notices of Right to Sue.

10. Plaintiff is female.

11. Plaintiff was most recently employed by the Defendant as an assistant manager at Defendant's retail store #1563 located at 1030 Forrest Avenue, Suite 119 in Dover, Delaware.

12. Plaintiff was employed by Defendant from on or about September 2011 and was continuously employed through on or about June 30, 2016, at which point she was unlawfully terminated.

13. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

14. On or about March 2016, Chris Stewart ("Stewart"), a new Store Manager, was assigned to the store where Plaintiff was assigned as Assistant Manager.

15. Approximately two months after Stewart began working at Plaintiff's assigned store, female and male employees complained to Plaintiff about sexual remarks that Stewart was making towards them or making to them about other workers.

16. Plaintiff sent an email to District Manager Marcella Leathern ("Leathern") describing the complaints of sexual harassment.

17. Plaintiff did not receive a response to her email regarding the complaints of sexual harassment.

18. Approximately a week and a half after emailing the complaints to Leathern, Plaintiff was bent over stocking shelves with another coworker when Stewart grabbed Plaintiff's waist from behind and pulled Plaintiff into his groin while making sexual remarks.

19. Plaintiff again emailed Leathern complaining about Stewart's conduct.

20. Plaintiff did not receive a response from Leathern.

21. Approximately two days later, Plaintiff was in an office counting money when Stewart reached towards Plaintiff and grabbed her buttocks, at which point Plaintiff forcibly pushed Stewart away.

22. Plaintiff again emailed Leathern complaining about Stewart's conduct.

23. Plaintiff did not receive a response from Leathern.

24. Plaintiff then reported the incident to numerous Human Resource personal.

25. Stewart was then transferred to another store.

26. Approximately one week later, Plaintiff was called into work on her day off. Upon arrival, Leathern, the District Manager Plaintiff had been emailing regarding complaints of sexual harassment, met with Plaintiff.

27. Leathern explained to Plaintiff that if Plaintiff stated any one fact about her sexual harassment complaint against Stewart inaccurately, then Plaintiff's employment would be terminated.

28. A subsequent investigation resulted in all employees being interviewed.

29. Leathern subsequently told Plaintiff that she was out of the store for 32 minutes one day and that she needed to turn in her keys.

30. Dollar Tree policy states that if an employee does not take a lunch break after six hours, the employee will be reprimanded.

31. Plaintiff was scheduled to work 5.5 hours until 1:00 PM on the day in question and was notified by Stewart that he was going to be late for work. Realizing that she would be required to work over six hours, Plaintiff took a lunch break as required by company policy.

32. Defendant terminated Plaintiff on or about June 30, 2016.

33. Defendant's proffered reason for terminating Plaintiff was that Plaintiff took an alleged unscheduled lunch break.

34. During the period of her employment, Plaintiff was subjected to differential treatment on the basis of her sex by agents of the Defendant, including but not limited to retaliation and termination for Stewart's sexual harassment of her and her complaints to management about his harassing conduct.

35. The reason proffered by Defendant for Plaintiff's termination, i.e., that Plaintiff had taken an unscheduled lunch break, was pretextual and intended to mask the true reasons for the Defendant's actions, i.e., discrimination and retaliation against the Plaintiff on the basis of her sex in violation of Title VII.

36. The pretextual nature of Plaintiff's termination is evidenced by Defendant's treatment of another employee, Deborah Hicks, who was not terminated for violating company policy. Deborah Hicks was also sexually harassed by Stewart but did not file a complaint. Deborah Hicks was not terminated after failing to secure the store when closing for the night on three separate occasions.

37. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

38. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I – TITLE VII

39. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 38 hereinabove.

40. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sex and created a hostile work environment towards women in violation of 42 U.S.C. § 2000e *et seq.*

41. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sex in violation of 42 U.S.C. § 2000e *et seq.*

42. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: /s/ William D. Fletcher, Jr.
William D. Fletcher, Jr., Esquire
Bar I.D. # 362

By: /s/ Gary E. Junge
Gary E. Junge, Esquire
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 1/24/18